# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MELINDA THOMAS,**<br>*Plaintiff* | §<br>§ | |
| **v.** | §<br>§ | **Case No. 1:26-cv-01736-SH** |
| **FAMILY CARE CENTER, PLLC,**<br>*Defendant* | §<br>§ | |

## ORDER

Now before the Court are Defendant's Motion to Dismiss, filed July 27, 2026 (Dkt. 5); Plaintiff's Motion for Leave to File Amended Complaint, filed September 3, 2026 (Dkt. 12); and the associated response and reply briefs.[1] On October 5, 2026, Defendant also filed an Opposed Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Dkt. 19).

### I. Plaintiff's Allegations

Plaintiff Melinda Thomas alleges the following in her Complaint: On January 2, 2025, she was offered the position of clinical therapist at Defendant Family Care Center, PLLC's clinic in Georgetown, Texas. Complaint, Dkt. 1 ¶ 7. The job offer was conditioned on Thomas passing a drug test. *Id.* ¶ 8. Before taking the drug test, Thomas advised the testing company, HireRight, that "she might test positive for THC" because she "was taking one gummy at night, which contained 0.19% THC."[2] *Id.* Thomas's oncologist had "lawfully" prescribed the gummies under the Texas Compassionate-Use Act[3] "to address pain and sleep issues resulting from breast-cancer surgery."

---

[1] After the parties consented to have a United States Magistrate Judge conduct all remaining proceedings in this case, the Honorable Robert Pitman transferred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), Federal Rule of Civil Procedure 73, and Rule CV-72 of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 16.

[2] THC is the abbreviation for tetrahydrocannabinol, "a naturally occurring chemical compound found in the cannabis plant." *Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 597 (2025).

[3] Under the Texas Compassionate-Use Act, Tex. Health & Safety Code § 487.001 et seq., physicians may prescribe low-THC cannabis products to patients for certain medical conditions.

*Id.* "Under both state and federal law, the dosage of medication is considered 'hemp,' and it is not illegal."[4] *Id.*

Before testing, Thomas offered to provide documentation of her prescription, but that offer was refused. *Id.* ¶ 9. After she failed her drug test, Family Care Center "said Ms. Thomas could retest, but when Ms. Thomas asked if she could do a (more accurate) blood test, they demanded a urine test." Although Thomas discontinued the THC gummies in preparation for further testing, in early February 2025 "Defendant told Ms. Thomas that it was revoking her offer of employment because of her THC result." *Id.* ¶ 11. "Thomas reminded them of her disability and THC prescription and asked them to reconsider, or to let her re-test, but they refused." *Id.* In her "post-testing conversation with Defendant's staff, employees of Defendant also expressed frustration with the way Ms. Thomas' blindness accommodation technology impacted their conversation." *Id.* ¶ 10.

Thomas alleges that Family Care Center discriminated against her on the basis of her disability by rescinding her job offer and refusing her requests for reasonable accommodations, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.051. *Id.* ¶¶ 12-17.

## II. Legal Standard

Family Care Center moves to dismiss Thomas's claims for failure to state a claim under Rule 12(b)(6). Thomas opposes the motion and seeks leave under Rule 15(a)(2) to file an amended complaint.

[4] Hemp "is a variety of the cannabis plant grown to contain very low, non-intoxicating amounts of Delta-9 THC (less than 0.3%) and is largely cultivated for industrial products, dietary supplements, or CBD [cannabidiol] extraction." *Degollado v. City of Port Lavaca, Tex.* No. 6:23-CV-00014, 2025 WL 976603, at *2 (S.D. Tex. Mar. 31, 2025), *aff'd*, 2026 WL 2414537 (5th Cir. Aug. 18, 2026).

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the court may consider (1) the facts in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

## III. Analysis

Family Care Center argues that Thomas's disability discrimination claims are barred as a matter of law under the ADA's Illegal Use of Drugs exclusion. In the alternative, Family Care Center argues that Thomas does not state a plausible claim for relief under the ADA and TCHRA. The Court addresses Family Care Center's alternative argument first and finds it dispositive.

### A. ADA and TCHRA

The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of

employment." 42 U.S.C. § 12112(a). The TCHRA also prohibits employers from discriminating against employees "because of . . . disability." Tex. Lab. Code § 21.051. Because the TCHRA is modeled after the ADA, courts look to analogous federal precedent when interpreting the state statute. *Rodriguez v. ConAgra Grocery Prods. Co.*, 436 F.3d 468, 474 (5th Cir. 2006); *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999).

Thomas alleges that Family Care Center discriminated against her by (1) rescinding her offer of employment because of her disability, and (2) failing to provide her with reasonable accommodations for her disability by refusing to accept her prescription for the gummies and not allowing her to take a blood based drug test. Dkt. 1 ¶ 9.

To state a plausible claim of discrimination, Thomas must allege that she "(1) has a disability, or was regarded as disabled, (2) was qualified for the job, and (3) was subject to an adverse employment decision because of her disability." *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 248 (5th Cir. 2025). To state a plausible failure-to-accommodate claim, Thomas must allege that (1) she is a "qualified individual with a disability," (2) "the disability and its consequential limitations were known" by Family Care Center, and (3) Family Care Center "failed to make reasonable accommodations for such known limitations." *Amedee v. Shell Chem., L.P.*, 953 F.3d 831, 837 (5th Cir. 2020). In addition, to state a plausible failure-to-accommodate claim, Thomas must allege "that she had a disability, not just that she was regarded as disabled." *Id.*

**B. Establishing a Disability under the ADA**

"As a threshold requirement in an ADA claim, the plaintiff must, of course, establish that [she] has a disability." *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 654 (5th Cir. 2003). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as

having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). To be "substantially limited" means "to be unable to perform a major life activity that the average person in the general population can perform, or to be significantly restricted in the ability to perform it." *Id.* § 1630.2(j). In sum, to assert a claim under the ADA's definition of disability, Thomas "must allege that [she] (1) has a mental or physical impairment that (2) substantially limits (3) a major life activity." *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011). The Court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

Thomas alleges that she "is a qualified individual with a disability, is a qualified individual with a record of disability, and was regarded by Defendant as a person with a disability." Dkt. 1 ¶ 15. She does not elaborate on her alleged "disability" except to state that she "was prescribed [the THC product] to address pain and sleep issues resulting from breast-cancer surgery," *id.* ¶ 8, and that Family Care Center's employees expressed frustration "with the way Ms. Thomas' blindness accommodation technology impacted their conversation," *Id.* ¶ 10.

Breast cancer and blindness can be considered disabilities under the ADA if those conditions and treatment for them substantially limit a major life activity. *See Ellison v. Software Spectrum, Inc.*, 85 F.3d 187 (5th Cir. 1996) (finding that plaintiff was not disabled due to breast cancer because it did not substantially limit any major life activity); *Marquis v. Omniguide, Inc.*, 714 F. Supp. 2d 640, 647 (N.D. Tex. 2010) (finding that severe night blindness a disability). But Thomas does not plausibly allege a qualifying disability because she does not allege any impairment from her breast cancer or blindness or how any impairment substantially limits a major life activity. *Hale*, 642 F.3d at 501 ("Absent allegations that [plaintiff's] ailments substantially

limited him in the performance of a major life activity, [plaintiff] has failed to state a claim for relief under . . . the ADA's definition of disability."); *Brown v. Bd. of Trs. Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 606 (S.D. Tex. 2012) (dismissing ADA claim when plaintiff failed to allege that her ADHD substantially limited a major life activity).

Thomas also alleges that Family Care Center "regarded" her as disabled. To show that Family Care Center regarded her as disabled, she must show either that (1) Family Care Center mistakenly believed that he had "a physical impairment that substantially limits one or more major life activities," or (2) Family Care Center mistakenly believed "that an actual, nonlimiting impairment substantially limit[ed] one or more major life activities." *Hale*, 642 F.3d at 502. Thomas alleges neither and so does not state a plausible regarded as disabled theory. *Id.* She also does not allege sufficient facts to show that she had "a record" of a disability because she does not allege that she "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k)(1).

Because Thomas fails to allege that she has a disability as defined in the ADA, she does not allege plausible discrimination or failure-to-accommodate claims under the ADA or TCHRA. *See Hale*, 642 F.3d at 502-03 (dismissing discrimination claim when plaintiff failed to allege sufficient facts that she was disabled or regarded as disabled under the statute); *Wiggins v. Texas Dpt. of Fam. & Protective Servs.*, No. 3:25-CV-1002-N, 2026 WL 296145, at *5 (N.D. Tex. Feb. 4, 2026) (dismissing discrimination and failure to accommodate claims as conclusory when plaintiff merely alleged she "was a qualified individual with a disability as defined by the ADA" and "suffered from a medical condition that substantially limited one or more major life activities").

**C. Discrimination**

Even if Thomas had sufficiently alleged a qualifying disability, her discrimination and failure-to-accommodate claims would fail. To allege a plausible claim of discrimination, Thomas must show that her disability "played a role" in the defendant's "decision making process and had a determinative influence on the outcome." *Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1033 (5th Cir. 2022) (citations omitted). Disability "need not be the sole reason" for the challenged decision, but Thomas "must plead facts making it 'plausible that [she] was discriminated against 'because of'—but not necessarily *solely* because of—[her] disability." *Id.* at 1033-34 (quoting *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 601 (5th Cir. 2021)). She "must include facts that allow the court to reasonably infer that [her] disability affected the decision. *Id.* at 1034.

Thomas alleges that the Family Care Center rescinded her offer of employment "as a direct result of her disability, her record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability." Dkt. 1 ¶ 16. She also alleges that "her disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decision as to Plaintiff." *Id.* These allegations are conclusory and do not meet Rule 8's pleading requirements. *See Olivarez*, 997 F.3d 595, 601 (finding that plaintiff's conclusory allegation that "T-Mobile and Broadspire discriminated against Olivarez based on a disability" did not sufficiently allege causation). "A complaint survives a motion to dismiss only if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Other allegations, moreover, create an inference that her job offer was revoked not because of her disability but because she failed her drug test. She concedes this by alleging that "Defendant

told Ms. Thomas that it was revoking her offer of employment because of her TCH result." *Id.* ¶ 11. To state a claim for a violation of the ADA, Thomas must show that her job offer was revoked because of a disability, not because she failed a drug test. *Steele v. Stallion Rockies Ltd*, 106 F. Supp. 3d 1205, 1219 (D. Colo. 2015) (dismissing discrimination claim when allegations showed plaintiff was terminated for his use of medical marijuana, not because of his disability). The Court finds that Thomas does not state a plausible discrimination claim.

**D. Failure to Accommodate**

Thomas's failure-to-accommodate claim also fails because she does not allege that a disability and its consequential limitations were "known" by Family Care Center or that Family Care Center failed to make reasonable accommodations "for such known limitations." *Amedee*, 953 F.3d at 837.

The Court finds that Thomas has not plausibly alleged a claim under the ADA or TCHRA and so need not address Family Care Center's argument that her disability discrimination claims are barred as a matter of law under the ADA's Illegal Use of Drugs exclusion.

## IV. Plaintiff's Motion for Leave to Amend

Thomas moves to amend her Complaint under Rule 15(a)(2). Family Care Center argues that the proposed amendment is futile.

Leave to amend pleadings should be "freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Clark v. Dep't of Pub. Safety & Corr.*, 141 F.4th 653, 662 (5th Cir. 2025) (citation omitted). Substantial reasons include futility of the amendment. *Id.* An amendment would be futile if the complaint as amended would be subject to dismissal under Rule 12(b)(6). *Id.*

Thomas's proposed amended complaint asserts the same claims and allegations as her original complaint, with two minor additions. She seeks to add an allegation that she "was taking one gummy at night, which was made from cannabis that contained 0.19% THC concentration **on a dry-weight basis**" and that she "**would not have been taking the THC product were it not for the cancer symptoms that it alleviated**." Dkt. 12-1 ¶ 8 (new allegations in bold).

Thomas has had an opportunity to correct the deficiencies in her Complaint but has not done so. The Court denies the motion for leave to amend because her proposed amendment is futile.

## V. Conclusion

The Court (1) **GRANTS** Defendant's Motion to Dismiss (Dkt 5); (2) **DENIES** Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 12) as futile; and (3) **DISMISSES** as **MOOT** Defendant's Opposed Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Dkt. 19). The Court will enter a final judgment in a separate order.

**SIGNED** on October 7, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE